## IN THE SOUTHERN DISTRICT OF ILLINOIS
## UNITED STATES OF AMERICA

| | |
|---|---|
| GAYLEN WILLIAMS | |
| and | |
| LAUREN HOLBROOK | Case No: |
| Plaintiffs, | JURY TRIAL DEMANDED |
| vs. | |
| PETERSEN TRUCKIN LLC<br>Serve:<br>Marten A. Trotzig<br>Registered Agent<br>1288 Lincoln Street, SW<br>Le Mars, Iowa 51031 | |
| and | |
| ANTONIO FONTAINE CRESWELL<br>Serve:<br>Residence<br>13021 S. 48th Street<br>Apt. 2031<br>Phoenix, Arizona 85044 | |
| Defendants. | |

## **COMPLAINT**

**COME NOW** Plaintiffs, Gaylen Williams and Lauren Holbrook, and for their cause of action against Defendants Petersen Truckin LLC ("Petersen Truckin"), and Antonio Fontaine Creswell ("Creswell") state as follows to the Court:

1

## **GENERAL ALLEGATIONS**

1.      Plaintiffs are both domiciled in the State of Florida and are therefore citizens of the State of Florida.

2.      At the present time, Defendant Petersen Truckin is a foreign corporation incorporated in the state of Iowa with its principal place of business in Iowa at 1020 Southdale Drive SE, Le Mars, Iowa, 51031.

3.      Defendant Creswell is domiciled in the State of Arizona and therefore a citizen of Arizona.

4.      This court has original jurisdiction over the matter and parties pursuant to 28 USC § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interest and costs.

5.      Defendants Petersen Truckin and/or Creswell owned the 2013 Peterbilt Motors ("Peterbilt") tractor he was operating at the time of the collision.

6.      At all times relevant to this case, Defendant Creswell was an agent and/or employee (hereinafter to refer to statutory or otherwise) of defendant Petersen Truckin and was acting within the course and scope of his agency and/or employment

7.      At the time of the collision referenced in this complaint, Defendant Petersen Truckin was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8.      Prior to January 5, 2014, Petersen Truckin had applied for operating authority as a contract carrier to the Federal Motor Carrier Safety Administration.

9.      As of January 5, 2014, Petersen Truckin had authority to operate as a contract carrier.

2

10.     At all times relevant herein and at the time of this crash, Defendant Petersen Truckin was a commercial motor carrier engaged in interstate commerce, transporting goods throughout the United States via tractor-trailers.

11.     At all times relevant herein and at the time of this crash, Defendant Petersen Truckin was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Petersen Truckin.

12.     At all times relevant herein and at the time of this crash, Defendant Creswell was operating a tractor-trailer in the course and scope of his employment and agency with Defendant Petersen Truckin.

13.     Defendant Petersen Truckin is liable for all acts and omissions of Defendant Creswell while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

14.     Defendant Petersen Truckin, and its agents, servants, employees, and drivers, including Defendant Creswell, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

15.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

16.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

17.     At all times relevant to this case, Defendant Creswell was a driver of the Peterbilt and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

18.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

19.     At all times relevant to this case, the tractor-trailer driven by Defendant Creswell was a semi-trailer and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

20.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.  49 C.F.R. §390.5.

21.     At all times relevant to this case, Defendant Petersen Truckin was an "employer," as defined by the Motor Carrier Safety Regulations.

22.     At the time of this incident and at all times herein mentioned, Defendant Creswell was operating the Peterbilt as a driver for Defendant Petersen Truckin.

23.     On or about January 5, 2014, at approximately 10:11am., Plaintiff Gaylen Williams was operating a 2013 Hyundai on Northbound I-57 in Jefferson County, Illinois.

24.    At the time and place of the crash, cold weather and snow created adverse road and adverse weather conditions.

25.    When adverse weather conditions such as snow or ice exist, a commercial motor vehicle driver must use extreme care in the operation of his or her tractor-trailer.

26.    When adverse weather conditions such as snow or ice exist, speed must be reduced and the operation of a commercial motor vehicle must be discontinued if conditions become sufficiently dangerous.

27.    At the time of this crash, Defendants tractor-trailer was loaded, en route to make a delivery.

28.    Plaintiff Lauren Holbrook was a passenger in Gaylen Williams' vehicle at that time.

29.    At that time and place, Plaintiff Gaylen Williams had just exited a construction zone and had moved into the right lane (driving lane) of the interstate.

30.    At that time and place, Defendant Creswell was operating the Peterbilt behind Plaintiff Gaylen Williams.

31.    At that time and place, Defendant Creswell drove the Peterbilt into the rear of the vehicle operated by Plaintiff Gaylen Williams.

32.    The impact of Defendant Creswell striking the rear of Gaylen Williams' vehicle caused the Williams vehicle to spin counter clockwise, leave the roadway and strike a tree.

33.    The tractor-trailer driven by Creswell went on to strike the highway median.

34.    Northbound I-57 at the crash location is a much traveled, open, and publicly dedicated state roadway and thoroughfare in the State of Illinois.

35.    Plaintiffs Gaylen Williams and Lauren Holbrook suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

36.    At the time of the crash, the truck operated by Defendant Creswell bore the name

of Defendant Petersen Truckin as well as its DOT number (1477429) and/or MC (operating authority) number.

37.     The Federal Motor Carrier Safety Administration publishes data on commercial motor carriers, including Petersen Truckin, within the Safety Measurement System, designated into several categories of safety known as "BASIC" (Behavioral Analysis & Safety Improvement Categories).

38.     Leading up to this crash, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Unsafe Driving.

39.     Following this crash and to the time of the filing of this Complaint, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Unsafe Driving.

40.     Following this crash and to the time of the filing of this Complaint, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Hours of Service Compliance.

41.     Following this crash and to the time of the filing of this Complaint, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Vehicle Maintenance.

42.     Leading up to this crash, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Controlled Substances and Alcohol.

43.     Following this crash and to the time of the filing of this Complaint, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Controlled Substances and Alcohol.

44.     Following this crash and to the time of the filing of this Complaint, Defendant Peterson Truckin was deficient in several BASIC safety categories, including Driver Fitness.

45.     Defendant Petersen Truckin has been assigned a "conditional" safety rating by the

Federal Motor Carrier Safety Administration, which means that Petersen Truckin does not have adequate safety management controls in place.

46.     The negligence of Defendants Petersen Truckin and Creswell, directly and proximately, caused or contributed to cause injury to Plaintiff Gaylen Williams, which includes severe injuries to his head, neck, and spine.

47.     The negligence of Defendants Petersen Truckin and Creswell, directly and proximately, caused or contributed to cause injury to Plaintiff Lauren Holbrook, which includes severe injuries to her head, neck, and spine.

48.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Petersen Truckin and Creswell, Plaintiffs Gaylen Williams and Lauren Holbrook have incurred medical bills and will likely incur such in the future.

49.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Petersen Truckin and Creswell, Plaintiffs Gaylen Williams and Lauren Holbrook have incurred lost wages and will likely incur such in the future.

## COUNT I – GAYLEN WILLIAMS & LAUREN HOLBROOK
## NEGLIGENCE AGAINST DEFENDANT CRESWELL

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Creswell and further states:

50.     At the time of this crash, Defendant Creswell negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)     Driving too fast for conditions in violation of 625 ILCS 5/11-601(a);

7

b)      Failing to reduce speed to avoid a collision in violation of 625 ILCS 5/11-601(a);

c)      Failing to keep a proper lookout ;

d)      Failing to take proper remedial action which could have avoided this collision or minimized the impact;

e)      Failing to reduce speed to avoid a collision;

f)      Driving a tractor-trailer in adverse weather conditions when he should have pulled off the road until the weather conditions improved;

g)      Driving a tractor-trailer in adverse road conditions when he should have pulled off the road until the road conditions improved;

h)      Operating the tractor-trailer without adequate training and experience;

i)      Operating the tractor-trailer when not properly qualified to do so;

j)      Driving while tired and/or fatigued;

k)      Driving while under the unsafe side-effects of prescription medication;

l)      Driving overly aggressive;

m)      Following the Gaylen Williams vehicle too closely in violation of 625 ILCS 5/11-710;

n)      Failing to stop his tractor-trailer, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiff's vehicle, when he could and should have done in so in the exercise of the highest degree of reasonable care

51.      At least one of the negligent acts or omissions by Defendant Creswell, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiffs.

52.      As a direct and proximate result of the negligence of Defendant Creswell, Plaintiffs were seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

53.    Defendant Creswell knew or should have known that his conduct as described herein created a high degree of probability of injury.

54.    Defendant Creswell was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

55.    The operation of the tractor-trailer by Defendant Creswell and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

56.    The conduct of Defendant Creswell as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Creswell in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II – GAYLEN WILLIAMS & LAUREN HOLBROOK
## STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT
## PETERSEN TRUCKIN

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Petersen Truckin and further states:

57.     Based upon all aforementioned allegations, Defendant Petersen Truckin is vicariously liable for the negligence of Defendant Creswell based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Petersen Truckin in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III – GAYLEN WILLIAMS & LAUREN HOLBROOK
## VICARIOUS LIABILITY AGAINST DEFENDANT PETERSEN TRUCKIN TRUCKING
## CO.

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Petersen Truckin and further states:

58.     At all times relevant, Defendant Creswell was acting in the course and scope of his agency and/or employment with Defendant Petersen Truckin Trucking Co.

59.     Based upon the prior allegations, Defendant Petersen Truckin Trucking Co. is

vicariously liable for the negligence of Defendant Creswell based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Petersen Truckin in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV – GAYLEN WILLIAMS & LAUREN HOLBROOK
## INDEPENDENT NEGLIGENCE AGAINST DEFENDANT PETERSEN TRUCKIN

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Petersen Truckin and further states:

60.     At all times relevant, Defendant Petersen Truckin was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

61.     Throughout its existence, Defendant Petersen Truckin has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

62.     As an interstate motor carrier, Defendant Petersen Truckin has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

63.     The various safety regulations included within Parts 390 – 397, of which Defendant Petersen Truckin had a duty to follow, include, but are not limited to, the following:

a.  Defendant Petersen Truckin had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor

Carrier Safety Regulations.  49 C.F.R. §390.11;

b.   Defendant Petersen Truckin had a duty to not require or permit a driver, including Defendant Creswell, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.   Defendant Petersen Truckin had a duty to not allow or permit a driver, including Defendant Creswell, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.   Defendant Petersen Truckin had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.   Defendant Petersen Truckin had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Petersen Truckin an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.   Defendant Petersen Truckin had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.   Defendant Petersen Truckin had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Creswell, at least once every twelve months in determine whether that driver continues to meet the

12

minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.  Defendant Petersen Truckin had an independent duty require each of its drivers, including Defendant Creswell, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.  Defendant Petersen Truckin had an independent duty to prohibit its employees, including Defendant Creswell, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.  Defendant Petersen Truckin had an independent duty to ensure that its drivers, including Defendant Creswell, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.  Defendant Petersen Truckin had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Creswell on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash.  40 C.F.R. §396.3.

64.  That Defendant Petersen Truckin had a duty to comply with the Federal Motor

Carrier Safety Regulations including the specific aforementioned regulations.

65.     That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

66.     That, at all times prior to the aforementioned collision, Defendant Petersen Truckin failed to have in place an adequate safety program.

67.     As a result of its inadequate and/or inexistent safety program, Defendant Petersen Truckin violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

68.     As a result of its inadequate and/or inexistent safety program, Defendant Petersen Truckin allowed its drivers, including Defendant Creswell, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

69.     That Defendant Petersen Truckin's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiffs.

70.     Defendant Petersen Truckin was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

71.     Defendant Petersen Truckin was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Creswell, complied with the Federal Motor Carrier Safety Regulations,

including but not limited to the specifically aforementioned regulations.

72.     As a direct and proximate result of the independent negligence of Defendant Petersen Truckin, Plaintiffs were was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

73.     Defendant Petersen Truckin knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiffs.

74.     The conduct of Defendant Petersen Truckin as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

75.     Because of Defendant Petersen Truckin's willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant Petersen Truckin and to deter others from similar conduct.

76.     Defendant Petersen Truckin's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiffs as described herein.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Petersen Truckin in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT V – GAYLEN WILLIAMS & LAUREN HOLBROOK</u>
<u>DIRECT NEGLIGENCE AGAINST DEFENDANT PETERSEN TRUCKIN BASED</u>
<u>UPON NEGLIGENT HIRING/RETENTION</u>

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Petersen Truckin and further states:

77.     At all times prior to the aforementioned collision, Defendant Petersen Truckin had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

78.     Such duties include, but are not limited to:

a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)     To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)     To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

16

   f)  Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

   g)  Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

79.  Defendant Petersen Truckin had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Illinois Statutes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

80.  Defendant Creswell was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

81.  That, because of Defendant Creswell's aforementioned inadequacies, Defendant Petersen Truckin should not have hired him to operate a commercial motor vehicle.

82.  That Defendant Petersen Truckin knew, or through the exercise of ordinary care should have known that Defendant Creswell was unqualified to safely operate a commercial motor vehicle.

83.  That by failing to properly and adequately screen and investigate its drivers, including Defendant Creswell, before and during employment, Defendant Petersen Truckin violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

84.  Had Defendant Petersen Truckin obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Creswell was unqualified to safely operate a commercial motor vehicle.

85.     Defendant Creswell's negligent actions on the day of the collision with Plaintiffs were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

86.     Defendant Petersen Truckin's actions and omissions in hiring Defendant Creswell, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiffs resulting from the aforementioned motor vehicle collision.

87.     Defendant Petersen Truckin' actions and omissions in hiring Defendant Creswell, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

88.     Defendant Petersen Truckin' willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant Petersen Truckin and to deter others from similar conduct.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Petersen Truckin in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI – GAYLEN WILLIAMS & LAUREN HOLBROOK
## DIRECT NEGLIGENCE AGAINST DEFENDANT PETERSEN TRUCKIN BASED
## UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Petersen Truckin and further states:

89.     Defendant Petersen Truckin owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant Creswell, on the safe operation of a tractor-trailer.

90.     Defendant Petersen Truckin failed to properly instruct Defendant Creswell on the safe operation of a tractor-trailer.

91.     Defendant Petersen Truckin owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant Creswell, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

92.     At all times prior to the aforementioned collision, Defendant Petersen Truckin had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

93.     Such duties include, but are not limited to:

a)     To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)     To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

19

c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

94.      Defendant Petersen Truckin had a duty to properly instruct its drivers, including Defendant Creswell  on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

95.      Defendant Petersen Truckin failed to properly instruct Defendant Creswell on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

96.      Defendant Petersen Truckin owed the general public, including, a duty to provide ongoing safety courses to its drivers, including Defendant Creswell.

97.      Defendant Petersen Truckin failed to provide adequate continuing safety courses to Defendant Creswell.

98.      Defendant Petersen Truckin had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

99.      Defendant Petersen Truckin breached its duty to the general public, including the Plaintiffs, by its failing to properly train Defendant Creswell, Defendant Petersen Truckin' tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

100.      Based on Defendant Creswell's driving history, inadequate experience, and training, Defendant Petersen Truckin knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles

on public roads, streets and highways.

101.    That Defendant Petersen Truckin was negligent in failing to properly train its drivers, including Defendant Creswell, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

102.    That Defendant Petersen Truckin was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

103.    That Defendant Creswell's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Petersen Truckin failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

104.    These actions and omissions of Defendant Petersen Truckin relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

105.    Defendant Petersen Truckin' willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

106.    Plaintiff's injuries were directly and proximately caused by Defendant Petersen Truckin' breach of and failure to comply with its duty to properly train Defendant Creswell, its tractor-trailer driver.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Petersen Truckin in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate

plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII – GAYLEN WILLIAMS & LAUREN HOLBROOK
## DIRECT NEGLIGENCE AGAINST DEFENDANT PETERSEN TRUCKIN BASED
## UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Petersen Truckin and further states:

107.    Defendant Petersen Truckin owed the general public, including Plaintiffs, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

108.    Defendant Petersen Truckin had a duty to not require or permit a driver, including Defendant Creswell, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

109.    Defendant Petersen Truckin had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R. §391.25.

110.    Defendant Petersen Truckin had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

111.    Defendant Petersen Truckin had a duty to maintain a driver qualification file for

each driver it employs.  49 C.F.R. §391.51

112.    Defendant Petersen Truckin had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

113.    Defendant Petersen Truckin had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

114.    Defendant Petersen Truckin had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

115.    Defendant Petersen Truckin had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

116.    Defendant Petersen Truckin breached its above listing duties to the general public, including the Plaintiffs, by its failing to properly supervise Defendant Creswell, Defendant Petersen Truckin' tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

117.    Based on Defendant Creswell's driving history, lack of supervision and continued retention by his employer, Defendant Petersen Truckin knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

118.    These actions and omissions of Defendant Petersen Truckin relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

119.    Defendant Petersen Truckin' willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

120.    Plaintiffs injuries were directly and proximately caused by Defendant Petersen Truckin' breach of and failure to comply with its duty to properly train Defendant Creswell, its tractor-trailer driver.

**WHEREFORE** Plaintiffs Gaylen Williams and Lauren Holbrook each pray for judgment against Defendant Petersen Truckin in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

By   /s/ Joshua P. Myers

**Joshua P. Myers, IL#6284637**
999 Executive Pkway, Ste 205
St. Louis, MO 63141
(314) 744-8900
FAX (314) 720-0744
josh@schultzmyers.com
*Attorney for Plaintiff Gaylen Williams*

By        /s/ Stephen R. Schultz

**Stephen R. Schultz, #1156676**
999 Executive Parkway, Ste 205
St. Louis, Missouri 63141
Telephone:  314-744-8900
Facsimile:  314-720-0744
stephen@schultzmyers.com
*Attorney for Plaintiff Lauren Holbrook*

24